IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>        *Plaintiff*,<br><br>v.<br><br>ZTE CORPORATION, ZTE (USA) INC. AND ZTE (TX), INC.,<br><br>        *Defendants.* | § § § § § § § § § § § § § § | C.A. NO. 6:20-cv-00487-ADA<br>C.A. NO. 6:20-cv-00488-ADA<br>C.A. NO. 6:20-cv-00489-ADA<br>C.A. NO. 6:20-cv-00490-ADA<br>C.A. NO. 6:20-cv-00491-ADA<br>C.A. NO. 6:20-cv-00492-ADA<br>C.A. NO. 6:20-cv-00493-ADA<br>C.A. NO. 6:20-cv-00494-ADA<br>C.A. NO. 6:20-cv-00495-ADA<br>C.A. NO. 6:20-cv-00496-ADA<br>C.A. NO. 6:20-cv-00497-ADA |

**REPLY REGARDING NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants ZTE (USA) Inc., ZTE (TX), Inc., and ZTE Corp (collectively "ZTE") submit this Reply to Plaintiff's Response (Dkt. No. 103)[1] ("Response") regarding ZTE's Notice of Supplemental Authority (Dkt. No. 102) ("Notice") to notify the Court of new and precedential Federal Circuit authority that affects ZTE's Motion to Dismiss for Improper Venue (Dkt. No. 47).

ZTE's Notice was a true notice providing notice of a "new and controlling authority directly address[ing] several issues" raised in the pending Motion to Dismiss. *See* Dkt. No. 102. The ZTE Notice merely cited—***without argument***—several controlling holdings from the Federal Circuit. *Id*. In fact, WSOU failed to identify a single argument made in the Notice, thus proving that ZTE's Notice did not include arguments (as WSOU incorrectly alleges). *See* Dkt. No. 103.

---

[1] Citations throughout here refer to new WDTX Case Nos. -00487 through -00497, and specific citations reference to the docket for WDTX Case No. -00487.

In contrast, WSOU's Response improperly presented several arguments—and erred arguments for that. For example, WSOU erroneously states that ZTE first raised the argument "that if venue is improper as to *any* defendant, a court must dismiss *all* defendants," for the first time during the hearing on this motion. Dkt. No. 103. This is incorrect. ZTE briefed this argument in its opening brief filed on December 4, 2020 (which WSOU failed to respond to)—six months before the July 19, 2021 hearing. *See* Dkt. No. 47, p. 7 ("Venue must be proper ***for all defendants*** for an action to be brought. *See AGIS Software Development, LLC v. ZTE Corp. et al.*, 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018) ("Having found venue improper as to ZTA, the Court need not consider the propriety of venue as to ZTX as, **in order for a district to be 'one in which [an] action [may be] brought, . . . both venue and jurisdiction must be proper there,' as to all defendants.**"); *see also Magnacoustics* ("Furthermore, as firmly established by judicial decisions, in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant.").

WSOU also presented other erred arguments, which should be disregarded as argumentation. ZTE respectfully submits that WSOU's "Response" is improper as argumentation because it is not a notice—unlike ZTE's Notice, Dkt. No. 102; rather, WSOU's "Response" was an attempt a further briefing, which was filed without leave, filed without consulting ZTE, and is purely argumentative.

DATED:  August 5, 2021                               Respectfully submitted,


                                                                   */s/Lionel M. Lavenue*
Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
  Phone:  (571) 203-2700
  Fax:     (202) 408-4400

Attorney for Defendants,
ZTE Corporation
ZTE (USA), Inc.
ZTE (TX), Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 5, 2021.

*/s/Lionel M. Lavenue*
Lionel M. Lavenue
