IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**ZTE CORPORATION,**<br><br>*Defendant.* | Civil Action No. 6:20-cv-00487-ADA<br>Civil Action No. 6:20-cv-00488-ADA<br>Civil Action No. 6:20-cv-00489-ADA<br>Civil Action No. 6:20-cv-00491-ADA<br>Civil Action No. 6:20-cv-00493-ADA<br>Civil Action No. 6:20-cv-00494-ADA<br>Civil Action No. 6:20-cv-00495-ADA<br>Civil Action No. 6:20-cv-00497-ADA |

## ORDER REGARDING DISCOVERY DISPUTES

This Court, having considered disputes raised by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff") against and Defendant ZTE Corporation ("Defendant") during the November 1, 2022, Discovery Hearing, hereby ORDERS the following:

1. Plaintiff's request to compel Defendant to supplement its responses to Interrogatories 8 and 10-12, Requests for Production 36-39, and Requests for Admissions 1-2 and 9-27 regarding Defendant's chain of distribution of Accused Products into the U.S., and the relationship between Defendants and its U.S. subsidiaries is GRANTED. Within seven (7) days (no later than November 8, 2022), with regard to all discovery, the parties shall: (1) certify that they conducted a diligent search and (a) produced all relevant documents or (b) produce any remaining relevant documents and certify their production is now complete, and to the extent any documents are withheld on the basis of privilege, serve a privilege log accordingly; (2) supplement their responses to Interrogatories based on information currently available, and to the extent a party's response is based on a particular interpretation, provide its interpretation of the same; and

(3) supplement their responses to Requests for Admission to state whether each is admitted or denied, and if it cannot be admitted or denied, to provide its reason(s) for the same.  Defendant shall produce all documents ZTE (USA), Inc. and ZTE (TX), Inc. (collectively, "Defendant Subsidiaries") documents in its possession, custody, or control,  regardless of whether the documents are also in Defendant Subsidiaries' possession, custody, or control – including any documents exchanged between Defendant and Defendant Subsidiaries.

2.     Plaintiff's request to compel Defendant's compliance with paragraph 3 of the September 19, 2022 Order of this Court (ECF No. 266), and instructions therein, is GRANTED. Defendant shall, within one (1) day (no later than November 2, 2022):  (1) certify compliance with the September 19, 2022 Order and (2) within seven (7) days (no later than November 8, 2022), supplement its productions with responsive documents in Defendant's possession, custody, or control, and identify by bates ranges all documents produced for each Accused Product in response to the categories identified in columns D through J of Exhibit 2 referred to in the September 19, 2022 Order. If  after a diligent search, no such information has been located in the possession, custody or control of Defendant, Defendant shall supplement its response to Interrogatory Nos. 1-6 and Request for Production Nos. RFP Nos. 20, 24-25, 27-32, 34, and affirmatively state that "after a diligent search, no such information has been located in the possession, custody, or control of Defendant."   To  resolve  any  remaining  disputes,  copies  of  the  parties'  responses  to Interrogatories, Requests for Admission, and Requests for Production of Documents shall be submitted to the Court for its review.  Sanctions will be considered in the event of non-compliance.

3.     Plaintiff's request to compel Defendant's compliance with the May 26, 2022 Order of this Court (ECF No. 231) is GRANTED.  Defendant shall tender all 30(b)(1) and 30(b)(6) depositions to take place by December 15, 2022, including witnesses Lin Ning, Hu Xiaojian, Yang

2

Haicheng, Lv Dongbo, Li Shuai, and Zhang Minsi. The 30(b)(1) and 30(b)(6) depositions of Defendant's witnesses located in China shall proceed before December 15, 2022 under the Federal Rules of Civil Procedure in Macao, Hong Kong, or a location where they can legally give a remote deposition. The deposition of Marco Tong shall proceed unless the parties agree on an alternative witness for 30(b)(6) topics 1-16, which Mr. Tong is designated on. To the extent that Defendant does not tender its witnesses for depositions to take place by December 15, 2022, Defendant shall provide official documentary evidence showing efforts of compliance by Defendant including evidence of travel restrictions, visa applications, and/or denials by Chinese authorities, with English certified translations of the same.

4. Defendant's request dated November 10, 2022, for a one (1) week extension to complete depositions of the witnesses under Paragraph 3 of this Order by December 23, 2023, is GRANTED. The Court will consider short extensions to the schedule to accommodate the new deposition schedule, but trial dates shall be maintained.

Signed this 18th day of November, 2022.

_____
DEREK GILLILAND
UNITED STATES MAGISTRATE JUDGE